THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE 4,<br><br>                Plaintiff,<br><br>v.<br><br>RED ROOF INNS, INC., et al.,<br><br>                Defendants. | CIVIL ACTION<br>NO. 1:19-cv-03845-WMR |

## ORDER GRANTING CERTAIN MOTIONS TO DISMISS, GRANTING MOTION TO STRIKE ALLEGATIONS, DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AS MOOT, AND DENYING MOTION TO DISMISS AS MOOT

This case comes before the Court on Motions to Dismiss the Amended Complaint filed by defendants Wyndham Hotels & Resorts, Inc. ("WHRI"), Choice Hotels International, Inc. ("Choice"), Hilton Franchise Holding LLC, Hilton Domestic Operating Company Inc., and Hilton Worldwide Holdings Inc. (collectively referred to herein as "Hilton"), and Microtel Inns & Suites Franchising, Inc. ("MISF"). [*See* Docs. 100, 119, and 144]. Also,, before the Court is Choice's Motion to Strike certain allegations from the Amended Complaint. [Doc. 100].

Upon consideration of the arguments presented and authorities cited by the parties, the applicable law, and all appropriate matters of record, the Court **GRANTS** the motions to dismiss of WHRI, MISF, Choice, and Hilton **without**

**prejudice**.  In addition, the Court strikes Plaintiff's allegations from the Amended Complaint concerning sex trafficking and the relationship between sex trafficking and the hotel industry generally, and the Court orders the Plaintiff to recast her complaint removing all general allegations about sex trafficking or the sex trafficking industry that are not related to a specific Defendant and setting forth specific allegations as to each remaining Defendant with supporting facts.[1]

## I.     BACKGROUND

Plaintiff's Amended Complaint [Doc. 75] brings suit against sixteen named defendants and ten unnamed "John Doe" defendants for alleged violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), violations of the Georgia RICO Act, and negligence.  The Amended Complaint alleges that Plaintiff was forced by unidentified traffickers to engage in sexual activity with "buyers" at different hotels in the Atlanta area on various dates between 2010 and 2013, including two Red Roof Inn®-branded hotels, a Microtel®-branded hotel, a Suburban Extended Stay®-branded hotel, and a Hampton Inn®-branded hotel.

---

[1] The Court heard oral argument on these motions on February 7, 2020 and issued an oral ruling thereon.  Thereafter, the Court requested the parties affected by the ruling to draft proposed orders memorializing the Court's ruling and/or to comment on the orders that were so drafted.  After an exhaustive review and editing of said orders by a court intern, a staff attorney, and the Presiding Judge himself, the Court issues this written Order.

2

The Amended Complaint divides the defendants into several groups, including: (i) the Red Roof (Smyrna) Defendants;[2] (ii) the Red Roof (Atlanta) Defendants;[3] (iii) the Microtel Defendants;[4] (iv) the Suburban Extended Stay Defendants;[5] and (v) the Hampton Inn (CP Atlanta) Defendants.[6]  These groups of defendants include hotel franchisors, parent companies, independent hotel franchisees, hotel owners, management companies, and corporate affiliates.  The Amended Complaint makes allegations against these groups of defendants based on the particular hotel or hotels at which the alleged trafficking occurred.  The Amended Complaint also includes allegations directed at all "Defendants," collectively, and about human trafficking, generally.

---

[2] The Amended Complaint defines the term "Red Roof (Smyrna) Defendants" to include Red Roof Inns, Inc., Westmont Hospitality Group, Inc., Varahi Hotel, LLC, FMW RRI NC, LLC, and ten "John Doe" defendants.
[3] The Amended Complaint defines the term "Red Roof (Atlanta) Defendants" to include Red Roof Inns, Inc., Westmont Hospitality Group, Inc., RRI III, LLC, and ten "John Doe" defendants.
[4] The Amended Complaint defines the term "Microtel Defendants" to include WHRI, MISF, Kuzzins Buford, LLC, and the ten "John Doe" defendants.
[5] The Amended Complaint defines the term "Suburban Extended Stay Defendants" to include Choice, WHG SU Atlanta LP, SUB-SU Hotel GP, LLC, Westmont Hospitality Group, Inc., and the ten "John Doe" defendants.
[6] The Amended Complaint defines the term "Hampton Inn (CP Atlanta) Defendants" to include Hilton, 42 Hotel Cumberland LLC, Encore Cumberland LLC, and the ten "John Doe" defendants.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Federal pleading standards demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Fed. Trade Comm'n v. Hornbeam Special Situations, LLC*, 391 F. Supp. 3d 1218, 1222 (N.D. Ga. 2019).

Rule 12(b)(6) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has defined the standard, as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A claim can only survive a motion to dismiss if the complaint's factual allegations are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* "[N]aked assertion[s]

devoid of further factual enhancement" are insufficient. *Iqbal*, 556 U.S. at 678. Allegations made "on information and belief" are insufficient to withstand a motion to dismiss. *See, e.g.*, *Smith v. City of Sumiton*, 578 F. App'x 933, 935 n.4 (11th Cir. 2014).

### B. Motion to Strike

Rule 12(f) confers upon a district court the discretion on a motion to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017). Courts may act *sua sponte* or on motion made by a party. *See, e.g.*, *Williams v. Gate Gourmet, Inc.*, Civ. No. 1:09-cv-1557-MHS-SSC, 2010 WL 11508722, at *1 (N.D. Ga. Jul. 29, 2010).

## III. DISCUSSION

### A. Defendants' Motions to Dismiss the Amended Complaint are GRANTED Without Prejudice

Defendants WHRI, MISF, Choice, and Hilton (collectively, the "Franchisor and Corporate Affiliate Defendants") have moved to dismiss the Amended Complaint because they contend that it fails to plead sufficient facts to state any

5

claim to relief that is plausible on its face under *Twombly* and because it constitutes an impermissible "shotgun" pleading. The Court agrees. The Court finds that the Amended Complaint does not allege set forth facts sufficient to allege plausibly that these Franchisor and Corporate Affiliate Defendants knew or should have known of the acts alleged by the Plaintiff at the hotels described above. Under the standard set forth in *Twombly*, Plaintiff has not stated a claim against these particular Defendants.

### 1.     Trafficking Victims Protection Reauthorization Act

The TVPRA is a criminal statute that can give rise to civil claims. *See* 18 U.S.C. §§ 1591(a), 1595(a); *see also Arreguin v. Sanchez*, 398 F. Supp. 3d 1314, 1325 n.4 (S.D. Ga. 2019). As to adults, the statute targets commercial sex activity that is forced or coerced; it does not address commercial sex activity generally. 18 U.S.C. § 1591(a). Specifically, § 1591(a) provides, as follows:

Whoever knowingly –

(1) in or affecting interstate or foreign commerce . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by a means a person; or

(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to

6

> engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a).

> Section 1595(a), the TVPRA's civil remedy provision, in turn, provides:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys['] fees.

18 U.S.C. § 1595(a).

Plaintiff asserts three TVPRA claims against each group of Defendants, including the Franchisor and Corporate Affiliate Defendants: one standalone civil claim under Section 1595(a); and two claims based on alleged criminal violations of Sections 1591(a)(1) and 1591(a)(2). The Court finds that the Amended Complaint is lacking well-pled factual allegations sufficient to support any TVPRA claims against the Franchisor and Corporate Affiliate Defendants.

Plaintiff's TVPRA claims require her to allege that the Defendants participated in ventures that were engaged in sex trafficking and that they each had three separate types of knowledge with respect to that venture: (1) knowledge as to a benefit received from trafficking; (2) knowledge as to "assisting, supporting or

7

facilitating" trafficking; and (3) knowledge that Plaintiff was either a minor or subject to force. 18 USC §§ 1595(a); 1591(a)(2); 1591(e)(4).  Association alone cannot establish liability; instead, knowledge and "some participation in the sex trafficking act itself must be shown." *Noble v. Weinstein*, 335 F.Supp.3d 504, 524 (S.D.N.Y. 2018); *see also U.S. v. Afyare*, 632 F.App'x 272, 286 (6th Cir. 2016).

Plaintiff has failed to allege properly that the defendant franchisors had actual knowledge or that they "should have known" as to any of the statutorily required elements.  Allegations that customers complained about prostitution existing on properties itself is insufficient to meet a known or should have known standard under either 18 USC §§ 1595(a) or 1591(a).  Moreover, many of the allegations that have been made are conclusory in nature.  Plaintiff has failed to allege that the Franchisor and Corporate Affiliate Defendants ever dealt with the Plaintiff herself, nor has she made any allegations that would make such interactions plausible. The fact a franchisor may conduct inspections of a franchised property by itself is insufficient to impart knowledge of trafficking activity upon a franchisor or that a franchisor should have known of such trafficking activity.

### 2. Georgia RICO Act

Plaintiff alleges that each of the Franchisor and Corporate Affiliate Defendants violated O.C.G.A. § 16-14-4(c) by conspiring to acquire money through a pattern of racketeering activity in violation of O.C.G.A § 16-14-4(a).

O.C.G.A. § 16-4-4(a) provides that "[i]t shall be unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." Under Georgia law, "a 'pattern of racketeering activity' means that there have been at least two acts of racketeering activity [predicate acts] that are interrelated and that were done 'in furtherance of one or more incidents, schemes, or transactions.'" *Wylie v. Denton*, 746 S.E.2d 689, 693 (Ga. App. 2013) (quoting O.C.G.A. § 16-14-3(8)(A)). O.C.G.A. § 16-14-4(c) provides that "[i]t shall be unlawful for any person to conspire or endeavor to violate any of the provisions of subsection (a) or (b) of this Code section." Under Georgia law, a person may be found liable for RICO conspiracy "if they knowingly and willfully join a conspiracy which itself contains a common plan or purpose to commit two or more predicate acts." *Wylie*, 746 S.E.2d at 693 (citing *Rosen v. Protective Life Ins. Co.*, 817 F. Supp. 2d 1357, 1382(II)(G) (N.D. Ga. 2011)).

9

Plaintiff's substantive RICO claims against the Franchisor and Corporate Affiliates fail because the Amended Complaint does not include any well-pled allegations that the Franchisor and Corporate Affiliate Defendants committed any predicate acts of racketeering activity.  Although the Amended Complaint lists several purported predicate offenses, the allegations are conclusory as they consist of recitations of the elements without factual enhancement. *See Iqbal*, 556 U.S. at 678.  The conspiracy claims under the Georgia RICO Act also fail.  The allegations that certain individuals associated with franchised hotels engaged in a RICO conspiracy do not plausibly allege that there was a criminal agreement between the any of the Franchisor and Corporate Affiliate Defendants and the franchisees or alleged traffickers. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1294-95 (11th Cir. 2010) (bare assertions and conclusory allegations unsupported by specific facts are insufficient to plausibly allege conspiracy); *see also Williams Gen. Corp. v. Stone*, 614 S.E.2d 758, 760 (Ga. 2005) (noting that Georgia courts have found "federal authority persuasive in interpreting the Georgia RICO statute").

### 3. Negligence

Under Georgia law, a "franchise contract under which one operates a type of business on a royalty basis does not create an agency or partnership relationship." *McGuire v. Radisson Hotels Intern., Inc.*, 435 S.E.2d 51, 52 (Ga. App. 1993). "[A]

franchisor may protect its franchise and its trade name by setting standards governing its franchisee's operations," and "these standards may be quite detailed, specific, and strict." *Schlotzsky's, Inc. v. Hyde*, 538 S.E.2d 561, 563 (Ga. App. 2000). However, "[a] franchisor's reserving the right to inspect, monitor, or evaluate the franchisee's compliance with its standards and to terminate the franchise for noncompliance is *not* the equivalent of retaining day-to-day supervisory control of the franchisee's business operations" and, thus, is not enough to establish an agency relationship such that the franchisor can be held vicariously liable for the operations of a franchisee. *Id.*; *DaimlerChrysler Motors Co., LLC v. Clemente*, 668 S.E.2d 737, 745 (Ga. App. 2008).

Here, the Amended Complaint, at best, makes allegations that are consistent with an ordinary franchise relationship (e.g., brand standards, a contractual right to inspect, a contractual right to terminate for noncompliance, etc.) which do not give rise to vicarious liability against franchisors. While a franchise relationship may not necessarily shield a franchisor from vicarious liability in all circumstances, it is incumbent upon Plaintiff to make well-pled allegations giving rise to a plausible (not merely possible) inference that the hotel franchisors are vicariously liable. The Court finds that the Amended Complaint fails to meet this standard.

### B.     Defendant Choice's Motion to Strike is GRANTED

Plaintiff's current Amended Complaint contains redundant, immaterial, impertinent or scandalous matter including "puffing" about sex trafficking and what it is and why it's bad. [*See* Doc. 75 generally, and particularly at pp. 24-33]. Such matters have no bearing on issues in this case and could serve to prejudice Defendants and confuse the facts at issue. Furthermore, the Amended Complaint is full of conclusions and short on specific facts. [*See* Doc. 75, generally]. "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." *Blake v. Batmasian*, 318 F.R.D. at 700-01; *also see Stephens v. Georgia Dep't of Transp.*, 134 F. App'x 320, 322–23 (11th Cir. 2005). Accordingly, the Motion to Strike certain allegations from the Amended Complaint [Doc. 100] is **GRANTED**, and the Court **ORDERS** Plaintiff to recast her Complaint within fourteen (**14**) days from entry of this Order as to each remaining Defendant, removing all allegations about sex trafficking or the sex trafficking industry in general that are not related to a specific Defendant and setting forth specific allegations as to each remaining Defendant with supporting facts.

### C. Defendant Kuzzins Buford, LLC's Motion for Judgment on the Pleadings is DENIED as MOOT

The Court notes that Defendant Kuzzins Buford, LLC has previously filed a motion for judgment on the pleadings. [Doc. 146]. As the Court is striking certain allegations of the Amended Complaint and ordering Plaintiff to cure the various pleading deficiencies by filing another amended complaint, Defendant Kuzzins Buford, LLC's motions for judgment on the pleadings is **DENIED AS MOOT**. Should this Defendant wish to challenge the sufficiency of Plaintiff's complaint after she has had the opportunity to replead, said Defendant is allowed ed to refile its motion for judgment on the pleadings.

### D. Defendant 42 Hotel Cumberland, LLC's Motion to Dismiss is DENIED as MOOT

The Court notes that Defendant 42 Hotel Cumberland, LLC has subsequently filed a motion to dismiss for failure to state a claim. [Doc. 151]. As the Court is striking certain allegations of the Amended Complaint and ordering Plaintiff to cure the various pleading deficiencies by filing another amended complaint, Defendant 42 Hotel Cumberland, LLC's motion to dismiss [Doc. 151] is **DENIED AS MOOT**. Should this Defendant wish to challenge the sufficiency of Plaintiff's complaint after she has had the opportunity to replead, said Defendant is allowed to file a motion for judgment on the pleadings. No further motions to dismiss will be allowed.

## IV. CONCLUSION

For the above reasons, IT IS HEREBY ORDERED as follows:

- that the Motions to Dismiss filed by the Franchisor and Corporate Affiliate Defendants (WHRI, MISF, Choice, and Hilton) are **GRANTED** and the claims against them are **DISMISSED WITHOUT PREJUDICE**;

- the Motion to Strike certain allegations from the Amended Complaint [Doc. 133] is **GRANTED**, and the Court **ORDERS** Plaintiff to recast her Complaint within fourteen (**14**) days from entry of this Order as to each remaining Defendant, removing all allegations about sex trafficking or the sex trafficking industry in general that are not related to a specific Defendant and setting forth specific allegations as to each remaining Defendant with supporting facts;

- that as a result of the leave to amend the complaint, Defendant Kuzzins Buford, LLC's motion for judgment on the pleadings [Doc. 146] is **DENIED as moot**;

- that as a result of the leave to amend the complaint, Defendant 42 Hotel Cumberland, LLC's motion to dismiss [Doc. 151] is **DENIED as moot**; and

- if, in the course of discovery or further investigation, Plaintiff learns of specific facts relating to the allegations against any of the Franchisor and Corporate Affiliate Defendants, Plaintiff may seek leave to add that Franchisor and Corporate Affiliate Defendant back to this case.

IT IS SO ORDERED, this 13th day of April, 2020.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE